```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                          LAREDO DIVISION


UNITED STATES OF AMERICA,      )
                               )
      Plaintiff,               )    Criminal Action No.
                               )        L-10-CR-1662
v.                             )         (13-CV-73)
                               )
JESUS ADRIAN ALARCON,          )
                               )
      Defendant.               )    MEMORANDUM OPINION & ORDER
```

Jesus Adrian Alarcon (Alarcon) has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Government has filed a response to Alarcon' § 2255 motion as well as a motion to dismiss the same. Alarcon, in turn, has filed a reply to the Government's motion.

## I. Procedural History

On July 19, 2010, an indictment charged Alarcon with drug conspiracy (21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)), money laundering conspiracy (18 U.S.C. §§ 1956 and 1957) and two counts of money laundering (18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2) (D.E. 114).[1] On March 2, 2011, he pleaded guilty to Count 3, money laundering conspiracy in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), 1956(a)(2)(A), and 1957, pursuant

---

[1] "D.E." refers to documents filed in the criminal case. The rearraignment transcript is filed as D.E. 1378; the sentencing transcript is filed as D.E. 1375. The Presentence Investigation Report ("PSR") is cited by paragraph number, and is filed as D.E. 925 (Addenda are filed as D.E. 868 and 1088).

1

to a plea agreement, in which he waived his right to appeal and his right to file a § 2255 motion (D.E. 617, at 5-6; D.E. 1378, at 6-7, 9, 15).  in which he waived his right to appeal and his right to file a § 2255 motion (D.E. 617, at 5-6; D.E. 1378, at 6-7, 9, 15).

On May 21, 2012, the court sentenced Alarcon to 108 months in prison, followed by a three-year supervised release term (D.E. 1136, at 1-3).2 The court ordered a $100 special assessment and did not impose a fine (D.E. 1136, at 5). The remaining 3 counts in which Alarcon was originally charged were dismissed upon motion of the United States (D.E. 1136, at 1). The judgment was entered on June 1, 2012 (D.E. 1136). At that time, the deadline for filing a notice of appeal was 14 days from entry of the judgment, excluding intermediate weekends and holidays. *See* Fed. R. App. P. 4(b)(1)(A)(i), 26(a)(2) (2009). In other words, Alarcon's deadline for filing a notice of appeal was June 21, 2012.

Consistent with his appellate waiver, Alarcon did not file a notice of appeal. His conviction became final when the deadline for filing notice of appeal lapsed on June 21, 2012. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Alarcon had one year from the date his conviction became final to file his § 2255 motion, i.e., by June 21, 2013. *See* 28 U.S.C. § 2255(f)(1). Alarcon's pro se § 2255 motion is dated

2

April 23, 2013 (D.E. 1362). Although Alarcon filed his § 2255 motion within the requisite time frame, this court shall summarily grant the government's motion and dismiss the § 2255 motion based on Alarcon's waiver.

## II.  Section 2255 Waiver

Alarcon knowingly and voluntarily waived his right to a direct appeal and to file a § 2255 motion. *See United States v. Wilkes,* 20 F.3d 651, 653-54 (5th Cir. 1994) (holding that waivers of the right to file a post-conviction motion under § 2255, like appellate waivers, are valid). Alarcon's written plea agreement explicitly stated as follows:

> 10. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal a conviction and appeal the sentence imposed. The defendant agrees to waive the right to appeal the conviction, the sentence imposed or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

(D.E. 617, at 5-6). As part of the plea agreement, Alarcon signed a "Plea Agreement - Addendum," which read as follows:

> I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of

3

>this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

(D.E. 618, at 17-18).

Alarcon asserts that his guilty plea was unintelligent and involuntary (D.E. 1363, at 10) because his attorney coerced him to plead, and because of unfulfilled plea agreement promises (D.E. 1363, at 8). The record thoroughly contradicts his assertions.

At the rearraignment, an interpreter translated what was said into Spanish for Alarcon (D.E. 1378, at 4). The court placed Alarcon under oath and informed him that any false statements could be used against him in a perjury prosecution (D.E. 1378, at 3-4). *See* Fed. R. Crim. P. 11(b)(1)(A). The court addressed Alarcon personally and determined that he did not have a history of mental illness or treatment, was not on medication, and was competent (D.E. 1378, at 10). The court informed Alarcon of the nature of the charge (D.E 1378, at 5-6). *See* Fed. R. Crim. P. 11(b)(1)(G).

The court summarized the plea agreement's terms – that in exchange for his guilty plea to Count 3, the United States would dismiss the remaining counts, agree not to oppose his request for a two-level reduction for acceptance of responsibility, not oppose one additional level reduction if the offense level exceeded 16 and he accepted responsibility (D.E. 1378, at 7-8).

4

The court advised Alarcon that he was waiving the right to appeal and waiving the right to file a § 2255 motion; Alarcon stated that he understood (D.E. 1378, at 6-9, 15). See Fed. R. Crim. P. 11 (b)(1)(N) (court must determine that the defendant understands any plea agreement provisions waiving the right to appeal or to collaterally attack the sentence). Alarcon stated that he was not promised anything other than what was contained in the plea agreement and that he was pleading guilty voluntarily because he was in fact guilty and not because of any threats or force (D.E. 1378, at 8-11). See Fed. R. Crim. P. 11(b)(2) (court must determine that the guilty plea is voluntary). The court confirmed with Alarcon that his signature on the plea agreement and addendum were genuine and voluntary (D.E. 1378, at 6), and that he had plenty of time to discuss the matter with his attorney, have all his questions answered, and was satisfied with his legal representation (D.E. 1378, at 4-6). In addition, the court emphasized that the sentence had not been determined by the district court judge, and that if Alarcon were dissatisfied with the PSR calculation or the sentence itself, he could not withdraw his plea; Alarcon acknowledge his understanding and agreement (D.E. 1378, at 8-9, 13-15).

This court should give "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Indeed, Alarcon's solemn

5

declarations at the rearraignment regarding the voluntariness of his § 2255 waiver carry a "strong presumption of verity." *Wilkes*, 20 F.3d at 653 (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Because the record clearly indicates that Alarcon understood his plea agreement, and because he raised no objection regarding the waiver provisions, he should "be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). Alarcon knowingly waived his right to file a § 2255 motion. This court shall summarily dismiss with prejudice Alarcon's § 2255 motion.

### III. No Ineffective Assistance of Counsel

A § 2255 waiver does not preclude a claim of ineffective assistance of counsel, if the challenged assistance of counsel "directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). This is certainly true in this case where Alarcon's claims are refuted by the record.

Alarcon contends counsel rendered ineffective assistance by (1) advising him to plead guilty to money laundering conspiracy when he was merely a driver and knew nothing of the larger conspiracy; (2) not requesting a safety valve reduction; and (3) not requesting a mitigating role reduction (D.E. 1363). These issues are inherently contradictory in that Alarcon simultaneously asserts his actual innocence while insisting on

6

sentencing credits that require him to accept responsibility. Moreover, Alarcon's claims attempt to raise substantive challenges to his conviction and sentence by disguising them as ineffective assistance of counsel claims. Even in analyzing his claims under that guise, Alarcon is unable to show deficient performance or actual prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Each of Alarcon's claims will be discussed in turn.

A § 2255 waiver does not preclude a claim of ineffective assistance of counsel, if the challenged assistance of counsel "directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

Alarcon contends counsel rendered ineffective assistance by (1) advising him to plead guilty to money laundering conspiracy when he was merely a driver and knew nothing of the larger conspiracy; (2) not requesting a safety valve reduction; and (3) not requesting a mitigating role reduction (D.E. 1363). These issues are inherently contradictory in that Alarcon simultaneously asserts his actual innocence while insisting on sentencing credits that require him to accept responsibility. Moreover, Alarcon's claims attempt to raise substantive challenges to his conviction and sentence by disguising them as ineffective assistance of counsel claims. Even in analyzing his

7

claims under that guise, Alarcon is unable to show deficient performance or actual prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

1. Involuntary plea and actual innocence. This claim is belied by the record. Alarcon's signed plea agreement contains a recitation of the evidence against him (D.E. 617, at 9-13). At the rearraignment hearing, the same set of facts were read and Alarcon agreed that they were true (D.E. 1378, at 18-22). The evidence shows that Alarcon paid truck drivers to transport drug proceeds, recruited drivers, conducted counter-surveillance for transactions, and was present in a tractor-trailer from which $779,905 was seized (D.E. 617, 1378, and PSR ¶ 281). The court found the plea to be knowing and voluntary and that a sufficient factual basis existed to support the plea (D.E. 1378, at 27-28).

2. Safety valve. This claim is meritless because Alarcon did not qualify for safety valve consideration under 18 U.S.C. 3553(f) for two reasons: first, he did not debrief (D.E. 1375, at 4), and second, he was not charged with a crime carrying a mandatory minimum sentence (PSR ¶ 349, D.E. 617, at 2).

3. Mitigating Role. This claim is likewise meritless. The mitigating role adjustment under U.S.S.G. § 3B1.2, which Alarcon seeks, is the opposite of the aggravating role adjustment under U.S.S.G. § 3B1.1(c) which was used to calculate his guidelines (PSR ¶¶ 283, 321). The issue was debated at length during

sentencing (D.E. 1375, at 2-8), and the court found the component to be properly scored (D.E. 1375, at 8). Expecting counsel to make an argument for mitigating role following that exchange would be illogical.  Nonetheless, it should be noted that counsel moved for downward departure based on Alarcon's clean history and "exemplary life" (D.E. 1375, at 9-12). The court rejected the motion based on Alarcon's involvement in "three separate transportings of large amounts of cash." (D.E. 1375, at 12).

### IV. Conclusion

As the existing record demonstrates that Alarcon' § 2255 motion lack merit, the same shall be dismissed with prejudice.

A separate judgment shall this date be entered.

**IT IS SO ORDERED** this the 27th day of September, 2013.

Sitting by Designation



Signed By:
_Joseph M. Hood_
Senior U.S. District Judge